```
_____
              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA            JS-6

                  CIVIL MINUTES – GENERAL
```

Case No.: 8:22-cv-01439-FWS-ADS                                      Date: October 27, 2023
Title: John Evans Arek v. American Airlines

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25]**

    Before the court is Defendant American Airlines, Inc.'s ("Defendant") Motion for Summary Judgment.  (Dkt. 53 ("Motion" or "Mot.").)  Plaintiff John Evans Arek ("Plaintiff") opposes.  (Dkt. 56 ("Opposition" or "Opp.").)  The matter is fully briefed.[1]  (Dkts. 54, 57-58, 60 ("Reply").)  Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.      Background**[2]

    Plaintiff was a passenger on an American Airlines flight on August 4, 2021.  (Dkt. 54 ("SUF") No. 1.)  PSA Airlines ("PSA") operated the flight on Defendant's behalf.  (*Id.*)  The

---

[1] Plaintiff also filed a document titled his "Further Response" to Defendant's Reply.  (Dkt. 61 ("Further Response").)  This District's Local Rules provide that "[a]bsent prior written order of the [c]ourt, the opposing party shall not file a response to the reply."  L.R. 7-10.  Because Plaintiff did not request, and the court did not grant, such leave, Plaintiff's Further Response is not properly before the court.  Even if it were, the court's analysis would not change.

[2] Unless otherwise noted, the facts recited by the court are not in genuine dispute.  The court has considered the applicable record, including Defendant's Statement of Undisputed Material Facts (Dkt. 54), Plaintiff's Statement of Genuine Issues of Material Facts in Dispute (Dkt. 57),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

flight took off from Dulles International Airport in Virginia, bound for Los Angeles International Airport in California, with a layover in Charlotte Douglas International Airport in North Carolina. (*Id.*) The flight segment from Dulles to Charlotte was designated flight number OH531 ("Flight #OH531"). (*Id.* No. 3.) The plane was a model CRJ-900. (*Id.* No. 4.)

When the plane landed in Charlotte, Plaintiff felt an impact and injured his back. (Dkt. 60 ("Arek Decl.") ¶ 4.) He walked with a limp off the plane. (*Id.* ¶ 5.) The hinge on Plaintiff's laptop, which was stowed under his seat, was chipped during the landing. (*Id.* ¶ 6 & Exh. 3.) Plaintiff sought medical care the next day in Charlotte. (*Id.* ¶¶ 7, 20 & Exh. 1.) Based on his reports of back pain, the treating physician proscribed Plaintiff cyclobenzaprine and recommended he treat his back with ice, heat, and certain exercises periodically. (*Id.* ¶¶ 8-9 & Exh. 1.) Upon returning to California, Plaintiff was proscribed methocarbamol to ease his pain, which Plaintiff reports is sometimes ineffective. (*Id.* ¶¶ 19, 21 & Exhs. 2, 4.)

PSA maintains data on "hard landings," defined as those in which an aircraft's rate of descent at touchdown exceeds 600 feet per minute. (SUF No. 5; Dkt. 53-4 ¶ 4.) Similarly, PSA's Vice President of Safety and Security states that the occurrence of a "hard landing" must be documented and reported in a Flight Operations Quality Assurance ("FOQA") report and by the flight crew. (SUF No. 8; Dkt. 53-4 ¶¶ 7-8.)

However, there were no reports of a hard landing from the flight crew of Flight #OH531, whether in a FOQA or otherwise. (*Id.* Nos. 9, 11.) The National Transportation Safety Board

---

Plaintiff's declaration, (Dkt. 60), and the parties' supporting evidence cited in their respective statements. In determining what constitutes a genuine dispute of fact for purposes of the Motion, the court considers the admissible evidence submitted by the parties, not their characterizations of it. *See Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, [courts] do not focus on the admissibility of the evidence's form. [They] instead focus on the admissibility of its contents."). Similarly, a party's "mere allegations or denials" do not place an issue in genuine dispute. *See, e.g.*, *Anderson v. City of Seward*, 475 F. Supp. 3d 986, 989-90 (D. Alaska 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

also received no notification for a hard landing from Flight #OH531. (*Id.* No. 10.) Defendant received no claims of injury from Flight #OH531 other than from Plaintiff. (*Id.* No. 7.) More broadly, in August 2021, Defendant received no reports of any hard landings among its fleet of CRJ-900s. (*Id.* No. 6.)

**II.   Legal Standard**

    A.    <u>Rule 56 Motion for Summary Judgment</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material." *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact.").

The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence." *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01439-FWS-ADS                                      Date: October 27, 2023
Title: John Evans Arek v. American Airlines

party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted). "Where no such showing is made, the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (cleaned up).

**III.   Analysis**

In this action, Plaintiff asserts Defendant was negligent in causing the injuries he sustained when Flight #OH531 landed.[3] (Dkt. 50 at 5; SUF No. 2.) Seeking summary

---

[3] In the Opposition, Plaintiff maintains he intends to assert a claim for damages under Article 17 of the Montreal Convention. (Dkt. 57 at 2.) The Montreal Convention "governs 'all *international* carriage of persons, baggage or cargo performed by aircraft for reward.'" *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (emphasis added) (quoting Convention for the Unification of Certain Rules for International Carriage by Air art. 1(1), May 28, 1999, S. Treaty Doc. No. 106-45). Plaintiff's flight route was exclusively domestic, and nothing in the record indicates the parties intended it to be part of an international itinerary. His case therefore does not implicate the Montreal Convention. *See Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 986-88 (9th Cir. 2004); *Auster v. Ghana Airways Ltd.*, 514 F.3d 44,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

judgment, Defendant argues Plaintiff's claim fails because no evidence shows Defendant acted recklessly or carelessly in a manner that endangered another's safety or property under the federal standard of care applicable in airplane personal injury cases, 14 C.F.R. § 91.13(a). (Mot. at 5-10.) In the Opposition, Plaintiff principally relies on three grounds to defeat summary judgment: (1) Plaintiff has provided evidence of his injury, including his medical records; (2) the supporting affidavits submitted by Defendant are improper evidence because they are sourced from individuals employed by or associated with Defendant; and (3) Defendant's actions were negligent and therefore culpable.[4] (Opp. at 8-22.) In the Reply, Defendant emphasizes that Plaintiff does not address Defendant's argument § 91.13(a) preempts state law standards of care in negligence actions and Plaintiff has not produced evidence indicating Defendant breached the standard of care.[5] (Reply at 3-5.)

---

46-47 (D.C. Cir. 2008). Thus, to the extent Plaintiff intends to bring a claim under the Montreal Convention against Defendant, it fails as a matter of law.

[4] Plaintiff argues Defendant violated several procedural rules. (Opp. at 1-4.) The court detects no such violations. Defendant did not violate Local Rule 11-8 because its Motion does not exceed ten pages. *See* L.R. 11-8. Defendant did not violate Local Rule 7-3 because Local Rule 7-3's meet and confer requirement does not apply to "case[s] in which the plaintiff is appearing pro se." *See* L.R. 16-12; L.R. 7-3. Even if it were applicable, Defendant complied with Local Rule 7-3's procedures. (*See* Mot. at 2; Dkt. 53-1 ¶ 1.) Defendant's statement of compliance is not insufficient because its supporting declarations are provided in an adequate form. *See* Fed. R. Civ. P. 56(c)(4) (requirements for declarations submitted in support of a motion for summary judgment); 28 U.S.C. § 1746 (form of attestation for sworn declarations). Defendant did not violate this court's prohibition on successive motions for summary judgment because Defendant has only filed one. (*See generally* Dkt.) Finally, the record provides no basis for Plaintiff's contention noticing the Motion somehow violates this District's Alternative Dispute Resolution processes. (*See also* Dkt. 59 (Mediation Report).)

[5] Defendant argues Plaintiff's Opposition is procedurally defective in certain respects. (Reply at 5-9.) The court's recent order granting Plaintiff's request for an extension of time to file moots the bulk of these issues. (*See* Dkt. 64.) Any remaining defects do not bar the court's consideration of the matter on the merits. *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

The Federal Aviation Act's ("FAA") "field preemptive effect" consists of "two components: state standards of care, which may be field-preempted by pervasive regulations, and state remedies, which may survive even if the standard of care is so preempted." *Gilstrap v. United Air Lines*, 709 F.3d 995, 1006 (9th Cir. 2013) (citing *Abdullah v. Am. Airlines, Inc.*, 181 F.3d 363 (3d Cir. 1999)). Under this conception, if "the particular area of aviation commerce and safety implicated by the lawsuit is governed by pervasive federal regulations," then "any applicable state standards of care are preempted." *Id.* (cleaned up). Even if a state standard of care is preempted by federal law, though, "[l]ocal law still govern[s] the other elements (breach, causation, and damages), as well as the choice and availability of remedies." *Id.* (quoting *Elassaad v. Independence Air, Inc.*, 613 F.3d 119 (3d Cir. 2010)).

Ninth Circuit precedent holds that "federal law generally establishes the applicable standards of care in the field of aviation safety." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007) (citations omitted); *see also Gilstrap*, 709 F.3d at 1007 (9th Cir. 2013) (finding federal standard of care under the Air Carrier Access Act ("ACAA"), an amendment to the FAA, and its implementing regulations preempted California's standard in negligence claim based on alleged failure to assist passenger with disability through airport). While the FAA "did not displace all state tort law touching air travel," *see Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 809 (9th Cir. 2009), implied in the FAA and its "pervasive regulations" is "a preemptive intent to displace all state law on the subject of air safety," *Montalvo*, 508 F.3d at 472 (citation omitted). In view of these "pervasive regulations," the court agrees with Defendant that the applicable standard of care is provided by federal law. *See Kropp v. United Airlines, Inc.*, 2022 WL 2156109, at *1-2 (9th Cir. June 15, 2022) (affirming district court's determination federal law provided standard of care applicable to plaintiff's negligence claim stemming from injuries allegedly caused by flight turbulence); *Abdullah*, 181 F.3d at 371 ("Because the legislative history of the FAA and its judicial interpretation indicate that Congress's intent was to federally regulate aviation safety . . . state or territorial standards of care relating to aviation safety are federally preempted.").

---

("A document filed *pro se* is to be liberally construed.") (citations and internal quotation marks omitted).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

The court also agrees with Defendant that 14 C.F.R. § 91.13(a) provides the relevant standard of care, which states that "no person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." 14 C.F.R. § 91.13(a); *see also Montalvo*, 508 F.3d at 472 (describing 14 C.F.R. § 91.13(a) as the "general federal standard of care for aircraft operators"); *Abdullah*, 181 F.3d at 371 ("91.13(a) provides a general description of the standard required for the safe operation of aircraft."). Therefore, Plaintiff may recover in this action only if Defendant "operate[d] an aircraft in a careless or reckless manner so as to endanger" another's "life or property," i.e., breached its duty of care under federal law, regardless of the state law standard applicable to Plaintiff's negligence claim. *See* 14 C.F.R. § 91.13(a); *Gilstrap*, 709 F.3d at 1007 ("The [FAA] and its implementing regulations establish the standard of care—or duty . . . and so preempt any different or higher standard of care that may exist under California tort law.").

Applying the parties' admissible evidence to that standard, the court concludes Defendant has shown there is no genuine issue of material fact that it acted in accordance with the applicable standard of care. To be sure, Plaintiff has produced evidence supporting his claim that he sustained injuries from his flight, including his proscribed medication and treating physician records. Plaintiff has also submitted evidence that his laptop was damaged. But Plaintiff has submitted no evidence of actions attributable to Defendant that tend to show Defendant acted recklessly or carelessly within the meaning of § 91.13(a). This lack of evidence alone is sufficient to enter summary judgment in Defendant's favor. *See Martinez v. Sw. Airlines Co.*, 2017 WL 6940550, at *2 (C.D. Cal. Dec. 6, 2017) (granting summary judgment for airline in case where plaintiff alleged injuries sustained from a "hard landing" where the plaintiff "provide[d] no evidence about *why* there might have been a hard landing" and thus failed to show "that [the airline's] pilots, in landing [the plaintiff's] plane, acted 'carelessly or recklessly' under the appropriate federal regulation") (citing, *inter alia*, 14 C.F.R. § 91.13).

Plaintiff instead relies principally on statements in his brief, (Opp.) and unverified Amended Complaint, (Dkt. 50). Plaintiff's statements in the Opposition are not admissible evidence. *See Singh v. I.N.S.*, 213 F.3d 1050, 1054 n.8 (9th Cir. 2000) ("[S]tatements in motions are not evidence and are therefore not entitled to evidentiary weight.") (citation

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

omitted). The Amended Complaint's allegations are not admissible evidence either because the Amended Complaint is not a verified complaint that sets forth specific facts admissible in evidence. *Compare Moran v. Selig*, 447 F.3d 748, 759 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified.") (citations omitted), *with Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc) ("A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence.") (citation omitted); *see also Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) (discussing personal knowledge requirement in the context of verified complaints). Absent more, Plaintiff's "mere allegation[s] and speculation do not create a factual dispute for purposes of summary judgment." *See Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016). Because Plaintiff's contentions relevant to the application of § 91.13(a)'s standard of care go no farther, he has not created a genuine dispute of material fact as to whether Defendant breached it. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (the movant at summary judgment who does not carry the burden of proof at trial may meet its burden under Rule 56 by "pointing out through argument—the absence of evidence to support plaintiff's claim") (citation and internal quotation marks omitted).

The only evidence in the record material to the issue is favorable to Defendant. Specifically, Defendant has submitted a declaration from PSA's Vice President of Safety and Security stating that no "hard landing" of Flight #OH531 occurred, as far as the term is understood by PSA. (Dkt. 54-4 ¶¶ 5-8.) Defendant's Claims Analyst also notes that no other passengers reported any bodily injury from Flight #OH531. (Dkt. 53-3 ¶¶ 4, 6.) The court need not determine if this evidence is sufficient to demonstrate Defendant acted with the requisite care—it might not be—but it, at minimum, does not assist Plaintiff's case. And, as noted, Plaintiff has produced no rebuttal evidence.

Plaintiff objects to Defendant's supporting evidence principally because it is sourced from declarations of individuals employed by or associated with Defendant. Notwithstanding Plaintiff's concern, there is no rule that a party cannot support evidence with declarations or affidavits of its employees or affiliates to the extent those matters are within the declarant's or affiant's personal knowledge and the declaration or affidavit complies with the requirements of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

Rule 56. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (at summary judgment, "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56"); *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony.") (citation omitted); *see also Kahue v. Pac. Env't Corp.*, 834 F. Supp. 2d 1039, 1054 (D. Haw. 2011) (overruling objection to defendants' executive vice president's declaration because the declaration satisfied the requirements of Rule 56(c)(4)). And Defendant's declarations are adequate because they are made from the declarant's personal knowledge, concern matters within the declarant's competency, are comprised of factual statements that would be admissible in evidence if presented properly at trial, and are sworn under penalty of perjury. (*See* Dkt. 53-3 ¶¶ 1-4; Dkt. 54-4 ¶¶ 1-3, 5); *see* Fed. R. Civ. P. 56(c)(4); 28 U.S.C. § 1746. Plaintiff's argument is more akin to a request that the court should disregard this testimony because the declarants are not credible witnesses based on an alleged bias in favor of Defendant. This contravenes the court's "'function' at summary judgment[,] [which] is not 'to weigh the evidence and determine the truth of the matter[,] but to determine whether there is a genuine issue for trial.'" *See, e.g.*, *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249). Put more concretely, the court's role at summary judgment is to assess whether the evidence submitted the parties is admissible at this stage and, if it so, whether that evidence creates a genuine dispute over whether Defendant violated the standard of care. Whether a witness could theoretically be attacked on cross-examination is irrelevant so long as their testimony clears the admissibility hurdle.

In sum, Plaintiff has produced evidence of the injuries he suffered. But the only evidence relevant to whether Defendant breached 14 C.F.R. § 91.13(a)'s standard of care was produced by Defendant, and tends to show Defendant acted appropriately under that standard. A breach of that standard of care is a necessary element of Plaintiff's claim. *See Gilstrap*, 709 F.3d at 1007 (stating that "if the evidence shows" a defendant did "all [that is] required under the [FAA] and its implementing regulations, then [the defendant] cannot be held liable under state law for failing to do anything further"). Because the evidence produced by Plaintiff fails to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01439-FWS-ADS | Date: October 27, 2023 |
| Title: John Evans Arek v. American Airlines | |

show that Defendant did not meet it, summary judgment in Defendant's favor is appropriate. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-3 (9th Cir. 2000) (if the movant at summary judgment "either produce[s] evidence negating an essential element of the nonmoving party's claim or defense or show[s] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial . . . the nonmoving party must produce evidence to support its claim or defense.  If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment") (citations omitted); *see also Lujan*, 497 U.S. at 884 (1990) (stating "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial") (citation omitted).  For that reason, the Motion is **GRANTED**.

## IV.     Disposition

For the reasons stated, the Motion is **GRANTED**.  Defendant is **ORDERED** to lodge a proposed judgment consistent with this Order **within ten (10) days** of the date of this Order, and further **ORDERED** to serve a copy of the proposed judgment on Plaintiff as soon as practicable thereafter.  Plaintiff may file any objections to the <u>form of the proposed judgment only</u> within **ten (10) days** of service of the proposed judgment.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

_____